UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOAQUIN MIGUEL BALASSA, | Case No. 1:21-cv-00272-DAD-HBK |
| Petitioner, | FINDINGS AND RECOMMENDATIONS TO DENY PETITIONER'S MOTION FOR A STAY AND ABEYANCE OF PETITION |
| v. | |
| MARTIN GAMBOA, | (Doc. No. 12) |
| Respondent. | FOURTEEN-DAY OBJECTION PERIOD |

Petitioner Joaquin Miguel Balassa, a state prisoner proceeding *pro se*, initiated this action by filing a writ of habeas corpus under 28 U.S.C. § 2254 on February 26, 2021. (Doc. No. 1, Petition). In response, Respondent filed a motion to dismiss the Petition on April 30, 2021. (Doc. No. 7). Respondent seeks dismissal of the Petition, noting it is a mixed petition containing both exhausted and unexhausted claims. (*Id*.). In reply, Petitioner sought a stay and abeyance under *Rhines*.[1] (Doc. No. 12). On June 9, 2021, after being ordered to respond to Petitioner's motion to stay, Respondent filed a notice of opposition. (Doc. No. 14). Because Petitioner fails to meet the requirements for a stay and abeyance under *Rhines*, the undersigned recommends that his motion to stay be denied.

---

[1] *Rhines v. Weber*, 544 U.S. 269 (2005).

# I. BACKGROUND

The Petition raises seven claims challenging Petitioner's 2016 sentence and conviction for two counts of murder entered by the Superior Court of Kern County. (*See generally* Doc. No. 1). Petitioner admits that on direct appeal[2] he raised only four of the seven claims. (*Id*. at 14). Therefore, Petitioner's federal habeas petition is a mixed petition because it contains four exhausted and three unexhausted claims for relief. Other than his direct appeal, Petitioner did not file any other state habeas petitions. Petitioner's exhausted claims are as follows: (1) the prosecutor argued that Petitioner's invocation of his Fourth, Fifth, and Sixth Amendment rights proved his guilt, which violated Petitioner's due process rights; (2) the trial court failed to instruct the jury properly on imperfect self-defense; (3) the trial court's self-defense instructional error removed a critical element from jury consideration, undercut Petitioner's defense, and lightened the prosecution's burden of proof; and (4) cumulative error requires reversal. (Doc. No. 1 at 6-11). Petitioner requests a stay of his Petition in order that he may return to state court to exhaust the three unexhausted claims: (1) Petitioner's trial counsel was ineffective; (2) false evidence was presented at trial; and (3) the prosecutor failed to prove premeditation beyond a reasonable doubt.[3] (Doc. No. 1 at 13-14).

# II. APPLICABLE LAW AND ANALYSIS

**A. A *Rhines* Stay**

Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless a petitioner has exhausted the remedies available in state court. The U.S. Supreme Court mandates that a district court may not adjudicate a federal habeas corpus petition unless the petitioner has exhausted state

---

[2] The Court has reviewed the California Courts Appellate Courts Case Information online database and takes judicial notice of it per Rule 201 of the Federal Rules of Evidence. *See* California Courts Appellate Courts Case Information, https://appellatecases.courtinfo.ca.gov/search.cfm?dist=0 (search "Search by Party" for "Joaquin Balassa"). Petitioner appears to mislabel his direct appeal a habeas petition. The undersigned can find no record of Petitioner filing a state habeas petition. Petitioner directly appealed his conviction before the California Court of Appeal and California Supreme Court only. ***If Petitioner has in fact sought state habeas relief, he should provide this information, including case numbers, to the Court in his objections to these findings and recommendations.***

[3] Petitioner's characterization of his unexhausted claims in his motion to stay differs from the unexhausted claims in the Petition. The undersigned refers to the claims as stated in the Petition. (Compare Doc. No. 1 at 13 with Doc. No. 12 at 3-5).

remedies on each of the claims raised in the petition. *Rose v. Lundy*, 455 U.S. 509, 522 (1982). A "mixed petition," meaning a petition containing both exhausted and unexhausted claims, is subject to dismissal. *Id.*; *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

The Supreme Court, however, permits a district court to stay all the claims in a petition while the petitioner returns to the state courts to exhaust his already pled but unexhausted claims. *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). A stay and abeyance, however, is "available only in limited circumstances" because issuing a stay "undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." *Id*. A petitioner must satisfy three factors to warrant a *Rhines* stay: (1) petition must demonstrate there is "good cause" for the failure to exhaust; (2) the unexhausted claims are not "plainly meritless"; and (3) the petitioner did not intentionally engage in dilatory litigation tactics. *Id.*

**1. Petitioner Fails to Demonstrate Good Cause**

"There is little authority on what constitutes good cause to excuse a petitioner's failure to exhaust." *Blake v. Baker*, 745 F.3d 977, 980 (9th Cir. 2014). Although good cause under *Rhines* does not require a showing of "extraordinary circumstances," *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005), "unspecific, unsupported excuses for failing to exhaust—such as unjustified ignorance—[do] not satisfy the good cause requirement," *Blake*, 745 F.3d at 981. Rather, "good cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify his failure to exhaust his claims." *Id*. at 982. Petitioner asserts he was unable to file his state claims because he was unable to research his claims due to the COVID-19 pandemic and he was unable to hire legal counsel. (Doc. No. 12 at 2).

**a. COVID Restrictions and Lack of Law Library Access**

Regarding Petitioner's failure to exhaust due to law library closures related to the COVID pandemic, although "restrictions on law library access may in some circumstances provide good cause for failing to exhaust . . . there must be a showing of something more than the routine prison limitations on access to the law library." *Hernandez v. California*, No. 08-4085, 2010 WL 1854416, at *3 (N.D. Cal. May 6, 2010). A petitioner that provides no evidence of law library

1  closures due to COVID, or evidence of how such closures prevented him from first seeking relief
2  in state courts, will not satisfy the good cause standard. *Harge v. Roberson*, No. 1:20-cv-01255,
3  2020 WL 8641966, at *2 (E.D. Cal. Nov. 12, 2020)*; see also Palmero v. Robertson*, No. 1:20-cv-
4  00413, 2020 WL 4674279, at *2 (E.D. Cal. Aug. 12, 2020) (petitioner's allegations of ignorance
5  of the law and law library status do not constitute good cause when no evidence suggests that he
6  was unable to access the law library paging system and otherwise access materials during global
7  pandemic); *Morales v. Covello*, No. 1:20-cv-00894, 2020 WL 3571455, at *2 (E.D. Cal. Jul. 1,
8  2020) (petitioner did not show good cause where library access was restricted due to pandemic
9  and no other evidence of hardship was provided).

10  Here, Petitioner argues that he has established good cause because he was unable to
11  effectively access and utilize the prison law library due to the global COVID pandemic. (Doc.
12  No. 12 at 2). Petitioner argues that COVID resulted in closures of the libraries which prevented
13  him from filing his unexhausted claims in state court. *Id.* Petitioner asserts that he requested
14  Avenal State Prison to provide documentation of the dates that the law library was closed so that
15  he could disclose that information to the Court, bit his request was denied. *Id*. Notably,
16  Petitioner does not attach a copy of any request for such documentation not the institution's
17  denial of the request.

18  Respondent counters that Petitioner was able to access law library resources by using the
19  institutional law library paging system. (Doc. No. 14 at 3). Respondent further points out that
20  Petitioner was able to effectively file his federal claim; therefore, Petitioner should have equally
21  been able to file state habeas petition to exhaust his state claims under the same circumstances.
22  *Id.* In sum, Respondent argues that Petitioner provides no evidentiary support for his claim of
23  good cause due to COVID restrictions.

24  The undersigned finds that Petitioner lacks any evidentiary support that COIVD impeded
25  his library access. Respondent correctly points out Petitioner has not shown he had no access to
26  his prison's legal resources; he simply had *restricted* access to the law library. Further, Petitioner
27  was able to file the instant Petition at the same time he claimed he was unable to correspondingly
28  file a state habeas petition. This showing is not sufficient to demonstrate good cause under

4

*Rhines*. Therefore, Petitioner's first argument for good cause is unpersuasive and does not justify a stay.

### b. Lack of Collateral Review Counsel

To the extent Petitioner argues that his lack of counsel on collateral review establishes good cause for a stay, his argument is unavailing. The Ninth Circuit in *Dixon v. Baker*, 847 F.3d 714, 721 (9th Cir. 2017) held that the good cause requirement is established when a federal habeas petitioner is not represented by counsel in state collateral proceedings.

However, district courts in this Circuit have found that "*Dixon* does not apply and good cause is lacking when a [*pro se*] petitioner has not filed any relevant state habeas petitions, particularly when there is evidence that the petitioner has not been expeditious in seeking relief." *Stacy v. Gastelo*, No. CV 17-5482-RGK (JPR), 2018 U.S. Dist. LEXIS 61656, at *2 (C.D. Cal. Feb. 20, 2018) (citing *Dixon*, 847 F.3d at 721) (finding no good cause for a *Rhines* stay where the petitioner has not filed any relevant state habeas petitions in state court); *see Sangurima v. Montgomery*, No. 2:17-cv-05022-PSG-KES, 2017 U.S. Dist. LEXIS 217018, at *7-8 (C.D. Cal. Dec. 12, 2017) (same). Here, Petitioner did not file any state habeas petitions. Accordingly, any claim related to lack of counsel on collateral proceedings fails and should be rejected.

Thus, the undersigned finds Petitioner has not demonstrated good cause as required by *Rhines*.

### 2. Petitioner Fails to Demonstrate His Claims Are Not Plainly Meritless

"A federal habeas petitioner must establish that at least one of his unexhausted claims is not 'plainly meritless' in order to obtain a stay under *Rhines*." *Dixon*, 847 F.3d 714 at 722. "In determining whether a claim is 'plainly meritless,' principles of comity and federalism demand that the federal court refrain from ruling on the merits of the claim unless 'it is perfectly clear that the petitioner has no hope of prevailing.'" *Id*. (quoting *Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005). Petitioner maintains that all three of his unexhausted claims are not plainly meritless. (Doc. No. 12 at 2-5). Respondent does not address the merits of any of the claims.

In his first unexhausted ground, Petitioner alleges trial counsel was constitutionally ineffective when he failed "to argue or defend" him, "especially when the D.A. and his witnesses

5

would lie during trial." (Doc. No. 1 at 13). Claims of ineffective assistance of counsel raise constitutional issues related to his Sixth Amendment right to counsel. *See Strickland v. Washington*, 466 U.S. 668 (1984) (establishing standard for Sixth Amendment right to counsel); *see also Dixon*, 847 F.3d at 722-723 (claim not plainly meritless where petitioner challenged counsel's failure to raise a state-law objection at trial). Here, Petitioner does identify any specific instances where counsel should have objected or what arguments counsel should have advanced. Petitioner does not state what the D.A. said that was objectionable. Nor does Petitioner identify which witnesses gave false testimony or what testimony was false. Thus, Petitioner fails to elaborate in detail with any factual specificity in support of this ineffective assistance of counsel claim. "Claims composed of vague and conclusory allegations unsupported by specific facts or evidence are not potentially meritorious within the meaning of *Rhines*." *Lesopravsky v. Warden*, No. CV 16-7110-JPR, 2018 U.S. Dist. LEXIS 75239, at *21 (C.D. Cal. May 3, 2018); *Taylor v. Paramo*, No. EDCV 15-1496-JFW (KS), 2016 U.S. Dist. LEXIS 94843, at *20 (C.D. Cal. June 3, 2016) (same); *see also Boyette v. Davis*, No. 13-cv-04376-WHO, 2016 U.S. Dist. LEXIS 75464, at *8 (N.D. Cal. June 9, 2016) (finding that claims were not plainly meritless under *Rhines* where claims were not vague, conclusory or frivolous, but were rather supported by evidence and citations to legal authority); *Letner v. Davis*, No. 1:18-cv-01459, 2020 U.S. Dist. LEXIS 94583, at *11 (E.D. Cal. May 29, 2020) (same); *Harris v. Davis*, No. 1:16-cv-01572-DAD, 2020 U.S. Dist. LEXIS 118158, at *15 (E.D. Cal. July 2, 2020) (same). Petitioner presents no facts or evidence beyond his conclusory allegation that his attorney failed to advance a defense and/or object to false testimony. Due to the utter absence of any facts and general vagueness of his first claim, the undersigned finds that Petitioner has not shown that his ineffective assistance of counsel claim is not plainly meritless.

In his second unexhausted ground, Petitioner claims the D.A's witnesses lacked "credibility" and raised a "conflict of interest." Petitioner also again claims the prosecution presented false evidence at trial. (Doc. No. 1 at 13). To the extent Petitioner claims that the prosecution knowingly used false evidence to obtain the conviction, such a claim is cognizable on federal habeas review. *See Napue v. Illinois*, 360 U.S. 264, 269 (1959); *Hayes v. Brown*, 399

F.3d 972, 978 (9th Cir. 2005). "A claim under *Napue* will succeed when '(1) the testimony (or evidence) was actually false, (2) the prosecution knew or should have known that the testimony was actually false, and (3) the false testimony was material.'" *Sivak v. Hardison*, 658 F.3d 898, 909 (9th Cir. 2011) (citing *Jackson v. Brown*, 513 F.3d 1057, 1071-72 (9th Cir. 2008)). But mere inconsistencies in the evidence do not constitute the knowing use of perjured testimony by the prosecutor. *United States v. Geston*, 299 F.3d 1130, 1135 (9th Cir. 2002). To the extent Petitioner claims that the witnesses' testimony was inconsistent with their prior testimony, without claiming that the prosecutor knew the testimony was false, his claim does not have merit. Petitioner's second claim suffers from the same vagueness as his first claim. As stated above, a claim must be supported by specific facts and evidence. While Petitioner does identify which witnesses allegedly proffered false testimony, *i.e.*, the "D.A.'s 'star' witness, officers and . . . the coroner," Petitioner does not specify the false testimony. (Doc. No. 1 at 13). Further, Petitioner does not claim that the prosecution knew or should have known that the testimony was false and does not state whether the alleged false testimony was material. Accordingly, the undersigned finds Petitioner has not demonstrated that his second unexhausted claim has merit.

In his third unexhausted ground, Petitioner claims that the prosecution failed to prove premeditation beyond a reasonable doubt, as is necessary for a first-degree murder conviction. (Doc. No. 1 at 13). The Supreme Court has held that "the Due Process Clause . . . protects a defendant in a criminal case against conviction 'except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged.'" *Jackson v. Virginia*, 443 U.S. 307, 315 (1979) (quoting *In re Winship*, 397 U.S. 358, 364 (1970)). However, "[t]o prevail on an insufficiency of evidence claim, a habeas petitioner must show that 'upon the record evidence adduced at the trial[,] no rational trier of fact could have found proof of guilt beyond a reasonable doubt.'" *Briceno v. Scribner*, 555 F.3d 1069, 1078 (9th Cir. 2009) (quoting *Jackson*, 443 U.S. at 324). An additional layer of deference is added to this standard by 28 U.S.C. § 2254(d), which obliges Petitioner to demonstrate that the state court's adjudication entailed an unreasonable application of the *Jackson* standard. *See Juan H. v. Allen*, 408 F.3d 1262, 1274 (9th Cir. 2005). Again, Petitioner's claim is vague and conclusory—he simply states that the

7

prosecution failed to prove premeditation without providing any factual specificity or evidence. He has not provided any details as to which elements of premeditation the prosecution failed to prove. Again, the undersigned finds Petitioner has not shown that his third claim is not plainly meritless.

Accordingly, Petitioner has failed to demonstrate that his claims are not plainly meritless and therefore he has failed to meet the second prong of the *Rhines* test.

### 3. Petitioner Engaged in Dilatory Litigation Tactics

Finally, for a district court to grant a stay under *Rhines*, a petitioner must not have engaged in intentionally dilatory tactics. Petitioner addresses the third prong of the *Rhines* test by stating that he did not "intentionally delay." (Doc. No. 12 at 5). Respondent argues that Petitioner engaged in dilatory litigation tactics by filing a federal claim well before the expiration of AEDPA's statute of limitations, rather than exhausting his claims before the state court upon the finality of his conviction. (Doc. No. 14 at 5).

The Court agrees with Respondent. The California Supreme Court denied review of Balassa's habeas petition on May 27, 2020. *See People v. Balassa*, No. S261360 (Cal. May 27, 2020). Due to the Coivid-19 pandemic, Balassa's conviction became final 150 days later, on Monday, October 26, 2020.[4] The statute of limitations began to run the next day, October 27, 2020 and, absent any statutory or equitable tolling, the statute of limitations will expire on October 27, 2021. *See Patterson v. Stewart*, 251 F.3d 1243, 1246-47 (9th Cir. 2001) (adopting anniversary method to calculate one-year statutory period).

The undersigned finds no evidence that Balassa filed any state habeas petitions, which would serve to statutorily toll the statute of limitations. Instead, Balassa prematurely filed the

---

[4] Normally a state conviction is final 90 days after final review. *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999) (where petitioner does not file a writ of *certiorari* before the U.S. Supreme Court, his conviction becomes final 90 days after the state's highest court denies review or relief); S. Ct. Rule 13.1. *But see* https://www.supremecourt.gov/orders/courtorders/031920zr_d1o3.pdf. U.S. Supreme Court Order List 589 (In light of COVID pandemic, U.S. Supreme Court ordered that "the deadline to file any petition for a writ of certiorari due on or after the date of this order is extended to 150 days from the date of the lower court judgment, order denying discretionary review, or order denying a timely petition for rehearing."). This order was in effect from March 19, 2020 to July 19, 2021. Accordingly, because the California Supreme Court denied relief on May 27, 2020, Petitioner has the benefit of the 150 days instead of the 90 days.

instant petition on February 15, 2021, with nearly ten (10) months remaining on the AEDPA clock.[5] The filing of a federal petition does not toll the statute of limitations. *See Duncan v. Walker*, 533 U.S. 167, 172 (2001). Petitioner does not state his reasons for filing his federal petition so swiftly after his conviction became final. Nor does Petitioner state what steps, if any, he has taken in the past roughly six months to exhaust his claims before the state courts. Rather, it appears Petitioner filed his federal petition in hopes of excusing exhaustion for three of his claims. This course of action is in direct contradiction to § 2254(b), which clearly requires a petitioner to exhaust his state remedies prior to filing a federal habeas petition. Petitioner claims he was concerned the federal limitations period would expire so he filed the Petition with the unexhausted claims. But Petitioner does not indicate that he contemporaneously filed a state habeas petition to exhaust his unexhausted claims with the filing of his federal petition. Nor does he aver that he lodged a state petition as soon as he received Respondent's motion to dismiss. Instead, he asks the Court to rule on his stay and then he will proceed to the state court to exhaust. The undersigned finds this action illustrates dilatory litigation tactics.

Based on the foregoing, the undersigned finds that Petitioner is not entitled to a stay under *Rhines*.

**B. A *Kelly* Stay**

An alternative procedure for staying a case exists in the Ninth Circuit—the *Kelly* stay. *See Kelly v. Small*, 315 F.3d 1063, 1070-71 (9th Cir. 2002). Although Petitioner does not seek a stay under *Kelly*, the Court will give Petitioner the option to seek such a stay if he so chooses.

Under *Kelly*, a case moves through three stages: first, the petitioner amends his petition to delete any unexhausted claims; second, the court, in its discretion, stays the amended, fully-exhausted petition, and holds it in abeyance while the petitioner has the opportunity to proceed to state court to exhaust the deleted claims; and third, once the deleted claims have been exhausted

---

[5] The Court applies the "prison mailbox rule" to *pro se* prisoner petitions, deeming the petition filed on the date the prisoner delivers it to prison authorities for forwarding to the clerk of court. *See Saffold v. Newland*, 250 F.3d 1262, 1265, 1268 (9th Cir.2000), *overruled on other grounds, Carey v. Saffold*, 536 U.S. 214 (2002). Here, Petitioner certifies that he delivered the petition to correctional officials for mailing on December 17, 2020. (*See* Doc. No. 1 at 9).

in state court, the petitioner may return to federal court and amend his federal petition, adding the newly-exhausted claims. *See Kelly*, 315 F.3d at 1070-71 (citing *Calderon v. U.S. Dist. Court (Taylor)*, 134 F.3d 981, 986 (9th Cir. 1998)).

However, under *Kelly*, a petitioner is only be able to amend his petition with his newly exhausted claim if that claim is "timely" when amendment is sought. *See King v. Ryan*, 564 F.3d 1133, 1140-41 (9th Cir. 2009). Unlike filing an application for state habeas relief, filing a federal habeas claim does not toll AEDPA's statute of limitations. *See Duncan*, 533 U.S. at 181. To be timely, a claim must either (1) meet AEDPA's statute of limitations requirements, *see* 28 U.S.C. § 2244(d)[6] or (2) "relate back" to claims contained in the original petition that were exhausted at the time of filing. *See King*, 564 F.3d at 1143; *Mayle v. Felix*, 545 U.S. 644, 664 (2005). A claim that simply arises from "the same trial, conviction, or sentence" does not necessarily relate back to the initial claims. *See Mayle*, 545 at U.S. 659. To "relate back," the new claim must share a "common core of operative facts" with the claims in the pending petition. *Id*.

If Petitioner were to opt to stay his petition under *Kelly*, he would either need to meet one of *Kelly*'s two requirements: his amended petition must be timely under AEDPA or his newly exhausted claims must "relate back" to his previously exhausted claims. The undersigned expresses no opinion as to whether Petitioner will be able to meet either of these requirements. *See Pliler v. Ford*, 542 U.S. 225, 233 (2004) (finding that district courts need not "give specific advisements as to the availability and wisdom" of various options when seeking a stay of habeas petition).

Because the Court recommends that Petitioner's motion for a *Rhines* stay be denied, the undersigned recommends that Petitioner be given the option of advising the Court how he wishes to proceed in this case.

### 1. Proceed with the Instant Petition

Petitioner may choose to proceed with the instant mixed petition. However, Petitioner is

---

[6] Generally, federal habeas claims are timely when filed within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

1  forewarned that his mixed petition will be subject to dismissal under *Rose v. Lundy*, 455 U.S. 509,
2  510 (1982) (holding that District Courts may not adjudicate mixed petitions—the petitioner must
3  either dismiss unexhausted claims or face dismissal of the petition).  If Petitioner chooses this
4  option, the undersigned will then consider Respondent's motion to dismiss (Doc. No. 7) in
5  separate Findings and Recommendations.

6  **2. Dismissal of Unexhausted Claims**

7  In the alternative, Petitioner may choose to dismiss his unexhausted claims, proceeding
8  with his exhausted claims only.  Absent any other procedural bars, this route will ensure that at
9  least some of Petitioner's claims are considered by this Court.  If Petitioner chooses this option,
10 Respondent's motion to dismiss will be moot and Respondent will be directed to file a response
11 to the merits of the exhausted claims in the Petition.

12 **3. *Kelly* Stay**

13 As explained above, Petitioner may choose to proceed with a stay under *Kelly*.  This will
14 require Petitioner to amend his petition to delete his unexhausted claims, return to the state court
15 to exhaust his claims, and then return to federal court with an amended petition.  This option will
16 require Petitioner to either show that his newly exhausted claims are timely or relate back to his
17 original claims.

18 Accordingly, it is **RECOMMEDED**:

19 Petitioner's motion to stay (Doc. No. 12) be **DENIED and Petitioner be directed to**
20 **advise the Court how he wishes to proceed in this case.**

21 **NOTICE TO PARTIES**

22 These findings and recommendations will be submitted to the United States District Judge
23 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within fourteen
24 (14) days after being served with these findings and recommendations, a party may file written
25 objections with the Court.  The document should be captioned "Objections to Magistrate Judge's
26 Findings and Recommendations."  Parties are advised that failure to file objections within the
27 specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834,
28 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated: __August 13, 2021__

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE