UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOAQUIN MIGUEL BALASSA,<br><br>           Petitioner,<br><br>   v.<br><br>MARTIN GAMBOA,<br><br>           Respondent. | Case No. 1:21-cv-00272-DAD-HBK<br><br>ORDER VACATING AUGUST 13, 2021 FINDINGS AND RECOMMENDATIONS<br><br>(Doc. No. 18)<br><br>ORDER GRANTING PETITIONER'S MOTION TO DISMISS CLAIMS<br><br>(Doc. No. 21)<br><br>ORDER MOOTING RESPONDENT'S MOTION TO DISMISS AND PETITIONER'S MOTION TO STAY<br><br>(Doc. Nos. 7, 12)<br><br>ORDER REQUIRING RESPONSE TO AMENDED PETITION FOR WRIT OF HABEAS CORPUS AND SETTING BRIEFING SCHEDULE |

Petitioner Joaquin Miguel Balassa, a state prisoner proceeding *pro se*, initiated this action by filing a writ of habeas corpus under 28 U.S.C. § 2254 on February 26, 2021. (Doc. No. 1, Petition). Respondent moved to dismiss the petition, arguing the petition is subject to dismissal because it contains unexhausted claims. (Doc. No. 7). In response, Petitioner sought a stay and abeyance under *Rhines v. Weber*, 544 U.S. 269 (2005). (Doc. No. 12). On August 13, 2021, the Court issued findings and recommendations to deny Petitioner's motion to stay, finding that

Petitioner failed to meet the requirements of *Rhines*. (Doc. No. 18 at 2-9). In its findings and recommendations, the Court advised Petitioner that could seek a stay under *Kelly v. Small*, 315 F.3d 1063, 1070-71 (9th Cir. 2002) or, in the alternative, dismiss his unexhausted claims and proceed with his exhausted claims only. (*Id*. at 9-11). The Court stated that "[i]f Petitioner chooses [to dismiss his unexhausted claims], Respondent's motion to dismiss will be moot and Respondent will be directed to file a response to the merits of the exhausted claims in the Petition." (*Id*. at 11).

On October 18, 2021, Petitioner submitted a "motion to dismiss unexhausted claims and proceed with exhausted claims only." (Doc. No. 21). In his motion, Petitioner states that he wishes to drop his unexhausted claims and proceed with his exhausted claims only in order to comply with AEDPA. (*Id*.). Petitioner accompanied his motion with an amended petition, in which he seeks relief on his exhausted claims only.[1] (Doc. No. 20).

Because Petitioner has notified the Court that he wishes to proceed with his exhausted claims only and has submitted an amended petition, the Court will vacate its August 13, 2021 findings and recommendations, allow Petitioner to proceed on his amended petition, and order Respondent to respond to the amended petition.

Accordingly, it is ORDERED:

1. The Court's August 13, 2021 Findings and Recommendations (Doc. No. 18) are vacated;

2. Petitioner's motion to dismiss his unexhausted claims (Doc. No. 21) and proceed on his amended petition (Doc. No. 20) is granted;

3. Respondent's motion to dismiss (Doc. No. 7) and Petitioner's motion to stay (Doc.

---

[1] Petitioner's exhausted claims, as presented in him original and amended petitions, are as follows: (1) the prosecutor argued that Petitioner's invocation of his Fourth, Fifth, and Sixth Amendment rights proved his guilt, which violated Petitioner's due process rights; (2) the trial court failed to instruct the jury properly on imperfect self-defense; (3) the trial court's self-defense instructional error removed a critical element from jury consideration, undercut Petitioner's defense, and lightened the prosecution's burden of proof; and (4) cumulative error requires reversal. (Doc. No. 20 at 5-10). Petitioner omitted the following unexhausted claims in his amended petition: (1) Petitioner's trial counsel was ineffective; (2) false evidence was presented at trial; and (3) the prosecutor failed to prove premeditation beyond a reasonable doubt. (Doc. No. 1 at 13-14).

No. 12) are rendered moot by the amended petition;

4. Within sixty days of the date of service of this order, Respondent must file an answer addressing the merits of the amended petition (Doc. No. 20) as set forth in the Court's March 1, 2021 Order (Doc. No. 4).

5. Within sixty days of the date of service of this order, Respondent must file all transcripts and other documents necessary for resolving the issues presented in the amended petition. *See* R. Governing Section 2254 Cases 5(c).

6. Once Respondent files an answer to the amended petition, Petitioner may file a reply within thirty days of the date of service of Respondent's answer. If no reply is filed within thirty days, the amended petition and answer are deemed submitted.

Dated:    October 20, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE