UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOAQUIN MIGUEL BALASSA,<br><br>  Petitioner,<br><br>  v.<br><br>MARTIN GAMBOA,<br><br>  Respondent. | Case No.: 1:21-cv-00272-KES-HBK (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>Docs. 20, 29, 30 |

Petitioner Joaquin Miguel Balassa is a state prisoner proceeding pro se with his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Docs. 20, 29. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 28, 2025, the assigned magistrate judge issued findings and recommendations recommending that the petition for writ of habeas corpus be denied as without merit, and that the Court decline to issue a certificate of appealability. Doc. 30. The findings and recommendations were served upon all parties and contained notice that any objections thereto were to be filed within fourteen (14) days after service. In addition, the parties were "advised that failure to file objections within the specified time may result in the waiver of rights on appeal." (*Id.*, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014); *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)). Petitioner filed objections on June 23, 2025, Doc. 31, and respondent filed

a reply to the objections, Doc. 32.

In his objections, petitioner details his personal background, alleges his trial counsel refused to defend him, and generally attempts to argue that he is innocent. *See* Doc. 31 at 1–7. The objections also contain a letter to California Governor Gavin Newsom, requesting commutation of petitioner's sentence. *Id.* at 10–19.

Pursuant to 28 U.S.C. § 636(b)(1), the Court has performed a de novo review of this case. Having carefully reviewed the file, including petitioner's objections, the Court concludes the findings and recommendations are supported by the record and proper analysis. The arguments in petitioner's objections relevant to his four grounds for relief were adequately addressed by the findings and recommendations. To the extent petitioner's objections attempt to raise new claims for ineffective assistance of counsel and actual innocence, these claims were not presented as grounds for relief in the petition.

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal, and an appeal is allowed only in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253. If a court denies a habeas petition on the merits, the court may issue a certificate of appealability only "if jurists of reason could disagree with the district court's resolution of [the petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

The Court finds that reasonable jurists would not find the Court's determination that the petition should be denied debatable or wrong, or that the issues presented are deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Therefore, the Court declines to issue a certificate of appealability.

/ / /

/ / /

  Based upon the foregoing, the Court ORDERS:

1. The findings and recommendations issued on May 28, 2025, Doc. 30, are ADOPTED in full.
2. The petition for writ of habeas corpus, Doc. 29, is DENIED.
3. The Court declines to issue a certificate of appealability.
4. The Clerk of the Court is directed to close the case.

IT IS SO ORDERED.

Dated:  July 18, 2025

                UNITED STATES DISTRICT JUDGE

3